UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          CRIMINAL ACTION NO. 03-80710

       v.                                DISTRICT JUDGE PAUL D. BORMAN

BRENT ADDELIA                    MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This 28 U.S.C. § 2255 case comes before the court on petitioner's motion to vacate his sentence. Defendant seeks, in part, to appeal his sentence. The government concurs in a portion of the relief sought. For the reasons stated below, the court recommends that defendant's motion be **GRANTED IN PART**. The district court should instruct the clerk's office to construe the newly docketed notice of appeal as timely and transmit the same forthwith to the Court of Appeals where a new appeal will be opened on the defendant's behalf.

### II. Background

On January 7, 2005, petitioner pleaded guilty to three counts of bank robbery. On November 22, 2005, the Honorable Paul D. Borman sentenced him to 120 months imprisonment (D/E # 41). On March 20, 2006, petitioner, proceeding *pro se*, filed a notice of appeal (D/E

#44). On August 9, 2006, the Sixth Circuit ordered that defendant's appeal be dismissed *sua sponte* as late. The Sixth Circuit noted, however, that, prior to March 20, 2006, defendant had sent two letters that could be construed as a notice of appeal. In light of those letters, the Sixth Circuit directed the district court "to docket one of defendant's letters as a notice of appeal as of the date of defendant's initial filing and, if necessary, consider whether an extension of time to file an appeal is required." The Sixth Circuit also ordered that "[t]he newly docketed notice of appeal should be transmitted to this court, and a new appeal will be opened on behalf of defendant." (D/E #55) This was never done.

On March 27, 2007, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 (D/E #58). Defendant argues that he was denied his right to appeal and to the effective assistance of counsel.

On May 29, 2007, the government filed a combined response and brief agreeing to limited relief (D/E # 64). In that response, the government noted that there appears to have been "a technical mishap" in defendant's case and that the newly docketed notice of appeal was never transmitted to the Sixth Circuit. Believing that defendant is entitled to the relief ordered by the Sixth Circuit, the government agrees with defendant that the district court should instruct the clerk's office to construe the newly docketed notice of appeal as timely and transmit the same to the Sixth Circuit, where a new appeal will be opened on defendant's behalf.

### III. Discussion

As argued by defendant, and conceded by the government, the Sixth Circuit's order that one of defendant's earlier letters be docketed as a notice of appeal and that the newly docketed

notice of appeal should be transmitted to the Sixth Circuit, where a new appeal would be opened on defendant's behalf, was not followed. The parties also agree that defendant is entitled to the relief specified by the Sixth Circuit. In the interests of justice and judicial economy, this court also agrees that the newly docketed notice of appeal should be transmitted to the Sixth Circuit forthwith and a new appeal opened on defendant's behalf.

## IV. Conclusion

For the reasons stated above, the Court finds that defendant has been denied his right to appeal and, accordingly, his motion to vacate his sentence should be **GRANTED IN PART** and his docketed, and timely, notice of appeal should be transmitted to the Sixth Circuit and a new appeal opened on defendant's behalf.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: July 25, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Brent Addelia via the Court's ECF System and/or U. S. Mail on July 25, 2007.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan